UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XYLECO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA DAM, as Executor of the Estate of Kenneth W. Dam,<br><br>Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Marcia Dam, as Executor of the Estate of her late husband, Kenneth W. Dam, hereby removes this action to this Court from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.  As grounds, the Defendant states as follows:

1.  Plaintiff Xyleco, Inc., commenced this action on June 10, 2025, by filing its complaint in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, in Case No. 2584 CV 01629.  (*See* Complaint, attached hereto as **Exhibit 1**.)  Plaintiff never served defendant with a copy of its initial pleading.  A true and correct copy of the Civil Action Cover Sheet filed in the Superior Court proceeding is attached hereto as **Exhibit 2**.

2.  Plaintiff filed an amended complaint on July 28, 2025 (*see* Amended Complaint, attached hereto as **Exhibit 3**) and served Defendant at her residence in Long Grove, Illinois, on August 2, 2025.  (*See* Affidavit of Service, attached hereto as **Exhibit 4**.)

3. Copies of all process, pleadings, and orders served upon the Defendant in the Superior Court proceeding are attached hereto. Based on a review of the publicly available docket as of the time and date of this filing, no other pleadings or proceedings have been filed in the Superior Court proceeding. A true and correct copy of the publicly available docket in the Superior Court proceeding is attached hereto as **Exhibit 5**.

4. In its Amended Complaint, Plaintiff asserts claims for Breach of Contract and Unjust Enrichment against Defendant. (Ex. 3, ¶¶ 24-27, 29-32.)

5. This notice is timely, filed within 30 days of Defendant's receipt, through service, of a copy of Plaintiff's pleading. 28 U.S.C. § 1446(b).

6. This Court has jurisdiction under 28 U.S.C. § 1332 because the matter in controversy is between citizens of different States and concerns a claim that exceeds $75,000, exclusive of interest and costs.

7. As alleged in Plaintiff's Amended Complaint, Plaintiff "is a Delaware company with a principal place of business at 360 Audubon Rd., Wakefield, MA 01880," and Defendant "was appointed as the executor of [Kenneth Dam's] estate by the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois." (Ex. 3, ¶¶ 1-2.) Plaintiff is a citizen of Delaware and Massachusetts, 28 U.S.C. § 1332(c)(1), while Defendant, as legal representative of the estate of her deceased husband, who died while domiciled in Illinois, is a citizen of Illinois. 28 U.S.C. § 1332(c)(2); *see also* Plaintiff's Petition for Probate and for Letters, filed in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, Ex. 8 to Ex. 3.

8. The amount in controversy is well in excess of $4 million. Plaintiff alleges breach of a promissory note for a principal sum of $4,887,500, plus several years interest. (Ex. 3, ¶¶ 25, and Exs. 1 and 7 thereto.)

9. Plaintiff has named no other defendants.

10. In filing this Notice of Removal, Defendant does not waive any available defenses.

WHEREFORE, Defendant Marcia Dam, as Executor of the Estate of Kenneth W. Dam, pray that this Notice of Removal be accepted as good and sufficient; that the aforesaid Amended Complaint be removed from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts, for trial and determination as provided by law; that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the Superior Court proceeding, and thereupon proceed with this civil action as if it had originally been commenced in the United States District Court.

Dated: August 29, 2025

/s/ *John A. Shope*
John A. Shope (BBO #562056)
Gilleun Kang (BBO #715312)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel. (617)832-1233
jshope@foleyhoag.com
gkang@foleyhoag.com

David E. Lieberman (*pro hac vice application forthcoming*)
dlieberman@lplegal.com
Levenfeld Pearlstein, LLC
120 S. Riverside Plaza
Suite 1800
Chicago, IL 60606
Tel. (312) 346-8380

*Attorneys for Defendant Marcia Dam, as executor of the Estate of Kenneth Dam, deceased*

## **CERTIFICATE OF RELATEDNESS**

I, John A. Shope, hereby certify, pursuant to Rule 40.1(g)(5), that this action is related to *Xyleco, Inc. v. George T. Argyris, as Trustee of the Shultz 1989 Family Trust*, Civil Action No. 1:25-cv-10278-GAO, pending in the United States District Court for the District of Massachusetts, within the meaning of Local Rule 40.1(g)(1), because some of the parties (the plaintiff) are the same, the cases involve the same or substantially similar issues of fact and the cases arise out of a common transaction, Xyleco's alleged 2013 sale of company stock to members of its Board of Directors.

In each case, Xyleco, Inc. is the plaintiff and its pleading in each case mirrors the other, with many allegations that are verbatim, other than the reference to the defendant. Each names as the sole defendant the representative of a deceased member of the company's Board of Directors, and each alleges that the board member "worked closely with Xyleco's Chief Executive Officer and its management team and, with his fellow directors, oversaw the management, operation, and strategic direction of the company," and "[d]uring his tenure on Xyleco's board," "was given options to purchase shares of the Company's stock" which he exercised. (*Compare* Ex. 3, ¶¶ 6-7 and Civil Action No. 1:25-cv-10278-GAO, Dkt. 1, ¶¶ 6-7.)

In each pleading, Xyleco seeks to enforce a promissory note or notes allegedly made by the decedent or his trustee to finance his respective alleged purchase of Xyleco stock on November 13 or 15, 2013, that the maturity date for the note was extended on two occasions in identical ways, and that the defendant representative of the decedent has now breached the promissory note by refusing to repay it. (*Compare* Ex. 3, ¶¶ 6-7, 11-12 and 25 and Civil Action No. 1:25-cv-10278-GAO, Dkt. 1, ¶¶ 8-9, 12-13, 22.) The subject note in this case and the first of two notes in the related case are both dated November 15, 2013, and are nearly verbatim copies of each other, other than the maker and the principal amount stated. (*Compare* Ex. 3, at Ex, 1 and Civil Action No. 1:25-cv-10278-GAO, Dkt. 1, at Ex. 1.)

Each pleading asserts two counts. In Count I of each, Xyleco alleges that the decedent's representative is liable for breach of contract for failure to repay the amount allegedly due under the note. In Count II of each, Xyleco asserts a fallback claim for unjust enrichment, in each case as a response the respective defendant's contention that Xyleco's claim for breach of contract is barred under the governing statute of limitations, a threshold issue that must be decided in each case. (*Compare* Ex. 3, ¶ 30 and Civil Action No. 1:25-cv-10278-GAO, Dkt. 1, ¶ 26.)

                                               */s/ John A. Shope*
                                               John A. Shope (BBO # 562056)

Dated: August 29, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), paper copies will be sent to those participants indicated as non-registered participants, and a copy of the Notice of Removal will be furnished by first class mail and by email to the following:

John J. Butts
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
john.butts@wilmerhale.com

                                             */s/ John A. Shope*
                                             John A. Shope (BBO # 562056)

Dated: August 29, 2025